**In light of the parties' joint stipulation and order (ECF No. 38), the motion for default judgment is denied as moot. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 19.**
**Dated: September 17, 2026**
**White Plains, NY**

SO ORDERED:
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIRCUS FRUITS WHOLESALE CORP.,

Plaintiff,

v.

SHEFA APPETIZING, INC., *et al.*,

Defendants.

Case No.: 7:25-cv-06776-NSR

**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

**COMES NOW** Plaintiff Circus Fruits Wholesale Corp. ("Circus" or "Plaintiff"), on its Motion for Default Judgement (the "Motion") against Defendants Shefa Appetizing, Inc., ("Shefa") and Aron Kohn ("Kohn") (Defendants Shefa and Kohn collectively referred to as "Defendants") and hereby states that a Clerk's Default ("Clerk's Default") (Dkt. #18] was entered against Defendants on October 22, 2025 as Defendants failed to appear, answer, or otherwise plead to the Complaint ("Complaint"). (Dkt. #1) In support of this Motion the Plaintiff states as follows:

## I. BACKGROUND

1. The cause of action is a collection for unpaid invoices for the purchase of produce filed by Plaintiff pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. 499 *et seq.* ("PACA").

2. On August 15, 2025, Counsel for Plaintiff filed a Complaint (Dkt. #1) against Shefa and Kohn for the aforementioned cause of action, a copy of which is attached to the Declaration of Craig A. Stokes, Plaintiff's counsel, filed concurrently with this Motion.

3. Plaintiff seeks to recover $45,480.00 in damages, plus interest and contractually due costs of collection, plus attorney's fees incurred in this action.

4. During September 23, 2024 and November 13, 2024, Plaintiff sold and delivered to Defendants, in interstate commerce, thirty-three loads of perishable agricultural commodities as set forth in the Plaintiff's Statement of Account and Open Invoices included in the Declaration of Plaintiff's Representative as Exhibit A thereto.

5. At the time of receipt of the produce, Plaintiff became the beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

6. Plaintiff preserved its interest in the PACA trust in the aggregate amount of $45,480.00 by sending invoices to Defendants containing the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce. The language on the invoice further protected Plaintiff to its right to a 18% APR on all past due invoices.

7. Defendants Shefa and Kohn have not disputed the debt in any way and have advised Plaintiff that they are unable to pay Plaintiff.

8. A Certificate of Default for both Defendant Shefa and Mr. Kohn was entered by the Clerk of the Court on October 22, 2025. [Dkt. #18] See, Declaration of Craig Stokes, Exhibit C thereto.

9. Defendants' failure, inability and refusal to pay Plaintiff show that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## II. LEGAL STANDARD

10. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "'defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, INC. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

11. Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default..." (alterations added; citation omitted)).

12. If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc*., 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is on record, an evidentiary hearing on damages is not required. *See*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone...We have held that no such hearing is required where all essential evidence is already of record." (alteration added; citations omitted)).

## III. ANALYSIS

13. In 1930, Congress enacted PACA to promote fair business practices in the marketing of perishable agricultural commodities. 7 U.S.C. § 499a, *et seq.*; *Sunkist Growers,*

*Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997). In its original form, the PACA statute was intended to provide a remedy to farmers against the "sharp practices" of unscrupulous brokers in perishable commodities. *Hull Co. v. Hauser's Foods, Inc*., 924 F.2d 777, 780 (7th Cir. 1991). PACA therefore requires purchasers of perishable commodities to make "full payment promptly" to its perishable commodities suppliers. *Id*.; 7 U.S.C. § 499b(4). Failure to comply with the "full payment promptly" provisions exposes the violator to civil liability in favor of seller.

14. In 1984, PACA was amended to provide additional protections to sellers of perishable commodities. Congress recognized that sellers of perishable commodities were unsecured creditors and therefore received little protection vis-à-vis secured creditors in the event the buyer failed to pay. *Hull* at 780; *Agri-Sales, Inc. v. United Potato Co. Inc*., 436 F.Supp. 2d 967, 971-72 (N.D. Ill. 2006); H.R. Rep. 98-543, 98th Cong., 1st Sess., reprinted in 1984 U.S.C.A.A.N. 405. The 1984 PACA amendments therefore elevated the interests of sellers of perishable commodities superior to those of secured creditors. In addition, the buyers of perishable commodities hold the purchased produce and any proceeds from the sale of the produce in floating non-segregated trust for the benefit of all unpaid perishable commodity suppliers. *Id*.; § 499e(c)(2); 7 CFR § 46.46(b).

15. The PACA statute establishes that the seller's trust rights occur automatically upon the buyer's receipt of the perishable commodities. *Id.* To perfect their trust rights, the seller may either (i) provide written notice of its intent to preserve its trust within 30 calendar days after payment was due or (ii) include a notice of intent to preserve trust rights through its billing or invoice statements. § 499e(c)(4). The Plaintiff in this case included the

required language on its invoices. *See*, Declaration of Plaintiff's representative filed concurrently with this Motion.

16. PACA authorizes two distinct civil remedies. A private party may enforce the statutory trust established under 7 U.S.C. § 499e(c)(1)-(4) and/or seek remedy for the PACA merchant's failure to properly account and promptly pay for the sale of perishable products as provided under 7 U.S.C. § 499b(4). Such liability claims may be enforced by a complaint to the Secretary of Agriculture or suit in any court of competent jurisdiction. The statute particularly specifies that the "several district courts of the United States are vested with jurisdiction specifically to ascertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust." § 499e(c)(5).

17. The PACA statute also provides that, "commodities received…in all transactions, and all inventories of food or other products derived, and any receivables or proceeds from the sale of such commodities or products, shall be held…in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received." § 499e(c)(2).

18. All of Defendant Shefa's assets are presumed to be in the PACA trust. In one of the first decisions to analyze the PACA trust provisions, *In re: Fresh Approach,* 51 B.R. 412, 422 (Bankr. N.D. Texas 1985), the court noted that the PACA was modeled on the Packers and Stockyards Act [7 U.S.C. § 181, *et seq.*], which created a "floating non-segregated statutory trust" to which claimants need not trace funds. *See, Horizon Marketing et al. v. Kingdom Int'l Ltd., et al.,* 244 F. Supp.2d 131, 140 (E.D.N.Y. 2003); *Tanimura & Antle, Inc.*

*et al. v. Packed Fresh Produce et al.* 222 F.3d 132, 139 (3rd Cir. 2000). This floating trust, as the court held in *First State Bank v. Gotham Provision Co.,* 669 F.2d 1000, 1011 (5th Cir. 1982) ("*Gotham*"), includes all commingled funds: "[W]here trust funds are commingled with funds not subject to the trust, a lien on the entire commingled fund exists for the benefit of the beneficiaries of the trust." The only burden on the unpaid cash sellers is to prove the balance due to them and the existence of a floating pool of commingled inventories. *First State Bank v. Gotham Provision Co*., 669 F.2d 1000, 1011 (5th Cir. 1982).

19. The PACA trust includes produce inventories, inventories of other products acquired from produce, accounts receivable from produce and the proceeds derived of such receivables. *See, Movsowitz & Sons of Florida, Inc. v. Scotiabank*, 447 F.Supp.2d 156, 162-63 (D.P.R. 2006). Further, the PACA Trust includes all assets the Defendants procured with PACA trust assets. *See, In re Kornblum*, 81 F. 3rd 280, 286 (C.A. 2, NY 1996), deeming interest in a 9 year lease of units in the Hunts Point Market as PACA trust property because PACA trust assets were used to purchase the units; *Ger-Nis Intern., LLC v. FJB, Inc*., 2008 WL 2600074 (S.D.N.Y., 2008), "The Non-PACA Claimants bear the burden of proving that the Hunt's Point proprietary leases are not PACA trust assets; *Lone Star Milk Producers, Inc. v. Litzler*, 370 B.R. 671-680 (Bankr. N.D.TX 2007); and *Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc*., 986 F.2d 1010, 1014 (6th Cir. 1993).

20. As a produce dealer, Defendant Shefa's assets derived directly or indirectly from produce sales – proceeds of those sales being subject to the PACA trust, which includes non-produce assets acquired from produce sales.

21. The PACA trust is not limited to merely produce inventory or cash or accounts receivable from produce sales. The PACA trust has even been extended to casualty

insurance proceeds from insurance policies which were purchased with produce revenue. See, *Sam Wang Produce, Inc., v. EE Mart FC, LLC*, 2010 WL 605082 p. 3 (E.D. Va. 2010).

22. The scope of the PACA trust includes all assets acquired by Defendant Shefa from the inception of Shefa's PACA trust. See, *J.A. Besteman Co. v. Carter's, Inc*., 439 F.Supp.2d 774, 778 (W.D. Mich. 2006). It is *irrelevant* the date on which any particular PACA trust creditor's claim first arose, the trust extends to all assets of Defendant Shefa.

23. An individual corporate officer who fails to protect PACA trust assets may be found to have breached the fiduciary duty of care owed to the trust beneficiary. *Weiss-Buy Services. v. Paglia*, 411 F3d. 415, 421 (3rd Cir. 2005); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc*., 217 F.3d 348, 351 (5th Cir. 2000) (holding that individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA). Trust assets need not be segregated, however, and accounts receivable are included in the calculation of assets available to the beneficiary. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b). The trustee must also see to it that the assets are made "freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(d)(1). In explaining its regulations, the U.S. Department of Agriculture notes that, "[i]t is the buyer's or receiver's responsibility as trustee to ensure that it has sufficient assets to assure prompt payment…." 49 Fed. Reg. 45738 (Nov. 20, 1984).

24. The PACA is a unique statute because it creates shareholder and individual liability in addition to the buying entity's liability. The Fifth Circuit has held that liability for failing to comply with the trust provisions falls first to the licensed commission merchant, dealer, or broker of the perishable commodities. *Golman-Hayden Co*., Inc. 217 F.3d 348

(citing *Sunkist Growers*, Inc. v. Fisher¸ 104 F.3d 280 (9th Cir. 1997)); see also, *Bronia, Inc. v. Ho*, 873 F.Supp. 854 (S.D.N.Y. 1995); *Morris Okun, Inc. v. Harry Zimmerman*, 814 F.Supp. 346 (S.D.N.Y. 1993); *Weis-Buy Services, Inc. v. Paglia, et al*., 411 F.3d 415 (3rd Cir. 2005); *In re Snyder*, 184 B.R. 473 (D. Md. 1995); but see, *Farm-Wey Produce, Inc. v. Wayne L. Bowman Co., Inc. et al*., 973 F.Supp. 778 (E.D. Tn. 1997). If the assets of the commission merchant, dealer, or broker are insufficient to satisfy the PACA claims, then individual shareholders, officers or directors in a position to control the PACA trust assets and who failed to do so may be held secondarily liable for failure to preserve the PACA trust assets. *Golman-Hayden*, 217 F.3d at 351.

25. Individual liability is not derived from the direct operation of the statute or "piercing of the corporate veil". Rather, common law principles of breach of trust are applied. *Golman-Hayden*, 217 F.3d at 351; Weis-Buy, 411 F3d at 421 (citing *Morris-Okun*, 814 F.Supp. 346, 348 (S.D.N.Y. 1993)); *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc., et al*., 336 F.3d 410 (5th Cir. 2003). A person in control of PACA trust assets has a duty to "exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property." *Weis-Buy*, 411 F.3d at 421. Therefore, a person in control of PACA trust assets who fails to preserve them is liable in tort for breaching a fiduciary duty. This liability is distinct from individual liability associated with "piercing the corporate veil" where the liability protection of a corporate form is discarded due to fraud or a "shell" corporation is used by individual shareholders to advance their personal interests over those of the corporation. *Id*. This individual liability is another remedy against "sharp practices." The individual defendant in this case, Aron Kohn, was a person in control of the

of the PACA trust assets of Defendant Shefa and therefore individually, joint and severally liable for payment to the Plaintiff under the PACA trust.

26. Thus, a sufficient basis exists in the pleadings for final judgment to be entered against the Defendants.

## IV. AS A PACA TRUST BENEFICIARY PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST

27. As a PACA trust beneficiary, Plaintiff is entitled to prejudgment interest. Plaintiff asserts discretionary and statutory bases for the award of prejudgment interest. Although the State of New York holds 9% as the statutory rate of pre-judgment interest, Plaintiff Circus defers to the interest rate noted on its invoices to Shefa, which is a 2% monthly charge on all past due invoices. Plaintiff further defers to New York law's specification of a simple interest rate on prejudgment interest, as Circus does not differentiate between compound or simple interest on their invoices.

### A. Discretionary Basis for Interest

28. One of the fundamental purposes of the PACA trust provisions is to provide sellers of perishable agricultural commodities, including Plaintiff, with protections to ensure the prompt and full payment by their customers for all perishable agricultural commodity shipments. See In re W.L. Bradley Co., Inc., 78 Bankr. 92, 93 (Bankr. E.D. Pa. 1987); 7 U.S.C. §499e(c)(1). Even absent contractual rights, courts, including the Ninth Circuit, have agreed that a district court has broad discretion to award prejudgment interest to PACA trust claimants. *Middle Mountain Land Produce, Inc. v. Sound Commodities, Inc*., 307 F.3d 1220, 1225-26 (9th Cir. 2002) (equitable power to award discretionary interest to protect interests of PACA claimants); *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc*., 67 F.3d 1063, 1071-72 (2d Cir. 1995). Several courts interpreting the "full payment" pledge of the PACA provisions have found that an

award of prejudgment interest at the appropriate statutory rate is necessary to make the PACA beneficiary whole. *Red's Market*, 181 F. Supp. 2d at 1345 n.2 (discretionary prejudgment interested granted in M.D. Fla. case), aff'd 48 Fed. Appx. 328 (11th Cir. 2002) (table decision); *Morris Okum, Inc. v. Harry Zimmerman, Inc*., 814, F.Supp. 346, 349 (discretionary interest promotes *pro rata* distribution); Bradley, 78 Bankr. At 94.

29. Defendants have failed to disburse to Plaintiff the total amount of Plaintiff's qualified PACA claims. Accordingly, Plaintiff is entitled to an award of prejudgment interest on its claim. Since Plaintiff's PACA trust claim arises from contractual sales of produce, Plaintiff respectfully moves to impose the rate of 2% simple interest per month for each month the invoice was past due, as indicated on Plaintiff's invoices. See, Declaration of Plaintiff's representative. This would be consistent with PACA's premise of full payment promptly. *See*, 7 U.S.C. §499b(4).

**B. <u>Statutory Basis for Interest.</u>**

30. Even assuming there was no contract between Plaintiff and Shefa by which Shefa agreed to pay Plaintiff prejudgment interest, there exists independent statutory grounds upon which to assess prejudgment interest against Shefa. Under New York law, "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with the title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." NY CPLR § 5001 (2012). The statute has previously been recognized as extending beyond the scope of property and applying to breaches in contract and fiduciary duty (both of which are protected under PACA). *See Spodek v. Park Prop. Dev. Assoc.,* 96 N.Y.2d 577, 581 (2001).

## V. CONCLUSION

WHEREFORE, Plaintiff requests the Court find in favor of the Plaintiff and against the Defendants as follows:

1. The Plaintiff's Motion for Default Judgment be granted. The Defendants have presented no evidence to challenge either the legitimacy or the accuracy of Plaintiff's calculations that the Defendants are jointly and severally liable to the Plaintiff for thirty-three (33) shipments of produce totaling $45,480.00 plus prejudgment interest, attorney's fees and costs.

2. That Final Judgment be entered in favor of Plaintiff, Circus Fruits Wholesale Corp., and against Defendants, Shefa Appetizing, Inc. and Aron Kohn in the total aggregate amount of $57,380.23 for unpaid invoices, prejudgment interest, costs, and attorney's fees. This amount is substantiated by Plaintiff's Complaint and the filing of the Declaration of Craig A. Stokes, Plaintiff's Counsel and the Declaration of Silvestro Lo Verde, President of Circus Fruits Wholesale Corp., pursuant to Fed. R. Civ. P. 55(b)(2) and 55.2(b) of the Civil Rules for the Southern District of New York, setting forth facts showing that the Individual Defendant is not a person in the United Stares military service as defined in Article 1 of the Servicemembers Civil Relief Act (50 U.S.C.A. App. § 501, *et seq*.).

3. That the Plaintiff be allowed to recover its collection costs; *see*, Declaration of Craig A. Stokes, Plaintiff's counsel.

4. That the Defendants be ordered to pay pre-judgement interest at the statutory rate.

5. That the Defendants be ordered to pay post-judgment interest at the statutory rate.

6. That the Court reserve jurisdiction to enter such other and further orders as deemed proper.

7. And for any and all other findings and orders the Judge finds just and proper.

Dated: November 4, 2025
San Antonio, Texas

Respectfully submitted,

STOKES LAW OFFICE LLP

By: /s/ Craig A. Stokes______________
Craig A. Stokes – SBN 3894839
P.O. Box 6909
San Antonio, TX 78209
Telephone (210) 804-0011
Direct (210) 742-2789
Facsimile (210) 822-2595
E-Mail cstokes@stokeslawoffice.com

*Counsel for Circus Fruits Wholesale Corp.*

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2025, I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Pursuant to LR Gen 102(b)(2)(B) and LR Cv 55(b)(2), I further hereby certify that on November 4, 2025, I served the foregoing document at the last known address of the persons listed below:

Shefa Appetizing, Inc.
c/o Mr. Aron Kohn
110 N Route 9W
Congers, NY 10920

/s/ Craig A. Stokes______________________
Craig A. Stokes
*Counsel for Plaintiff*
*Circus Fruits Wholesale Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Circus Fruits Wholesale Corp.,<br><br>Plaintiff,<br><br>v.<br><br>Shefa Appetizing, Inc., and Aron Kohn,<br><br>Defendants. | Case No.: 7:25-cv-06776-NSR<br><br>**DEFAULT JUDGMENT** |

This action was commenced on August 15, 2025 with the filing of a Complaint, Dkt. # 1, and the issuance of summons on August 18, 2025, Dkt. # 6, and # 7. A copy of the summons and complaint was personally served on Defendant Shefa Appetizing, Inc. on August 21, 2025, by service on ueenniziga Muhammad, authorized agent in the office of the Secretary of State, State of New York. Proof of service thereof was filed on September 4, 2025, Dkt. # 8; a copy of the summons and complaint was personally served on the individual Defendant Aron Kohn on August 20, 2025. Proof of service thereof was filed on September 4, 2025, Dkt. # 9. The Defendants not having answered the Complaint, and the time for answering the Complaint having expired, it is:

ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff have judgment against defendant in the liquidated amount of $45,480.00 with interest at 18% APR month from the date the invoices were due in the amount to $8,312.73 plus reasonable attorney's fees in the amount of $2,624.50, costs and disbursements of this action in the amount of $963.00 for a total aggregate amount of $57,380.23.

2. That post-judgment interest shall accrue on the Judgment amount at the current post-judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full.

3. That Plaintiff Circus Fruits Wholesale Corp. shall have such writs and processes as may be necessary in the enforcement and collection of this Judgment.

Dated: ____________________, 2025.
New York, New York

____________________________________
Nelson S. Rom n
United States District Judge